UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

MELODI DARLING,

                Plaintiff,

v.

THE DOW CHEMICAL COMPANY
and KELLY SERVICES, INC,

                Defendants.

Case No. 22-
Hon.

_____/

| |
|---|
| ERIC STEMPIEN (P58703)<br>STEMPIEN LAW, PLLC<br>Attorneys for Plaintiff<br>38701 Seven Mile Rd., Suite 130<br>Livonia, MI 48152<br>(734)744-7002<br>eric@stempien.com<br>Legal Assistant: shawn@stempien.com |

## COMPLAINT AND JURY DEMAND

Plaintiff, Melodi Darling, by and through her attorneys, Stempien Law, PLLC, hereby complains against Defendants The Dow Chemical Company and Kelly Services, Inc., and in support thereof states:

1. Plaintiff Melodi Darling ("Darling" or "Plaintiff") is a resident of the City of Midland, Midland County, Michigan.

1

2. Defendant The Dow Chemical Company ("Dow" or "Defendant") is a foreign corporation with its primary place of business located in the City of Midland, Midland County, Michigan.

3. Defendant Kelly Services, Inc. ("Kelly Services") is a foreign corporation that conducts systematic and continuous business throughout the State of Michigan and within the County of Midland in particular.

4. The events giving rise to this action occurred in the Eastern District of Michigan.

5. Jurisdiction is vested with this Court pursuant to 29 USC §2601, et. seq. and 28 USC §1331.

## GENERAL ALLEGATIONS

6. Darling was employed by Dow and Kelly Services beginning in February 2022 as a Customer Service Representative.

7. Darling was hired through Kelly Services to perform work for Dow.

8. Dow and Kelly Services were Darling's joint employer during the time that she performed work at Dow as a Customer Service Representative.

9. Jackie Swanton ("Swanton") was Plaintiff's initial supervisor at Dow.

10. From the start of her employment with Dow and Kelly Services in February 2022, Plaintiff was occasionally working more than 40 hours per week.

11. Throughout Plaintiff's employment, Plaintiff had monthly sessions with her supervisor to discuss goals for her position.

12. During several of those sessions, Plaintiff informed Swanton that she was working occasional overtime, by performing more than 40 hours per week.

13. Swanton replied that she hoped that the overtime hours would be "few and far between," and instructed Plaintiff use "comp time" instead of receiving overtime pay.

14. In or about May 2022, Plaintiff's team partner, Ashley Rohn, was put on a full-time project, this left Plaintiff responsible for her own work, as well as the work of her team partner.

15. As a result, Plaintiff was required to work substantially more overtime.

16. In or about August 2022, Plaintiff began reporting to a new supervisor, Breanne Lutz ("Lutz").

17. Plaintiff informed Lutz of the comp time arrangement in place with Swanton.

18. On or about August 19, 2022, Plaintiff took a comp day, and placed 8 hours on her timecard.

19. Plaintiff informed Lutz and Swanton of her intention to use a comp day on August 19, 2022.

20. Lutz approved Plaintiff's timecard for the week of August 19, 2022 without issue.

21. On or about August 26, 2022, Plaintiff used another comp day, and placed 8 hours on her timecard.

22. Plaintiff further informed Lutz of her intention for a comp day verbally and via her calendar.

23. Lutz again approved Plaintiff's timecard without issue.

24. Plaintiff worked on Tuesday, September 6, 2022.

25. On or about September 7, 2022, Plaintiff requested a sick day due to suffering Covid-like symptoms.

26. On September 8, 2022, Plaintiff remained unwell and informed Lutz via text message that she would be taking a test for Covid-19.

27. On September 8, 2022, Plaintiff tested positive for Covid-19, and sent a confirmation of her test via text message to Lutz.

28. On September 9, 2022 Plaintiff returned to work, despite the positive Covid-19 test because she worked remotely from her home.

29. Plaintiff used her available comp time for the days that she missed work on September 8 and September 9, 2022.

30. On or about September 12, 2022, Plaintiff received a meeting notice from Kelly Services scheduled for the next morning.

31. During this meeting, a representative for Kelly Services informed Plaintiff that Dow was ending her assignment due to "several instances of timecards not matching."

32. Darling was discharged from her employment with Dow and Kelly Services on September 13, 2022.

33. After her discharge, Plaintiff informed the Kelly Services representative about the agreement made by her supervisors instructing her to use comp time in lieu of overtime pay; Kelly Services admitted that Defendant Dow's policy was illegal.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

34. Plaintiff hereby incorporates by reference all previous paragraphs as though fully set herein.

35. Pursuant to the Fair Labor Standards Act, 29 USC §201, et. seq., Defendant was required to pay wages to Plaintiff for all work performed, suffered, or permitted.

36. Pursuant to 29 USC §207, Defendants were required to pay Plaintiff one and one-half times her regular hourly wage for each hour or part of an hour that she worked in excess of 40 in any week.

37. Defendant had actual and/or constructive knowledge that Plaintiff was working overtime each week.

38. At all relevant times, Defendant was an employer covered by FLSA.

39. At all relevant times, Plaintiff was an employee as defined under the FLSA.

40. At all relevant times, Plaintiff was not exempt from overtime pay, as that term is defined by FLSA.

41. Defendant had a duty to pay Plaintiff the overtime rate for hours over 40 per week.

42. Defendant's failure to pay Plaintiff overtime was done in a knowing, willful, purposeful, intentional, and bad faith manner.

43. Plaintiff was not properly compensated for all work performed for Defendant.

44. Defendant owes Plaintiff all unpaid overtime wages.

45. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including but not limited to: lost wages, lost employment benefits, lost reimbursement benefits, attorney fees as allowed by statute, and liquidated damages as allowed by statute.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT RETALIATION

46. Plaintiff hereby incorporates by reference all previous paragraphs as though fully set herein.

47. Plaintiff engaged in protected activity as that term is defined by the FLSA, by filing a complaint about the Defendants' violations of the FLSA and by her use of comp time in lieu of receiving her overtime pay.

48. Defendants retaliated against Plaintiff by discharging her because of her protected activity, in violation of 29 USC §215(a)(3).

49. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages as specifically stated in paragraph 45 of this Complaint.

WHEREFORE, Plaintiff Melodi Darling respectfully requests that this Honorable Court enter a judgment in her favor against Defendants The Dow Chemical Company and Kelly Services, Inc. in an amount that this Court deems fair and just, plus costs, interest and attorney fees as allowed by statute.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: December 21, 2022