```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          NORTHERN DIVISION
```

MELODI DARLING,

            Plaintiff,                      Case No. 1:22-cv-13093

v.                                                Honorable Thomas L. Ludington
                                                     United States District Judge

DOW CHEMICAL COMPANY and
KELLY SERVICES, INC.,

            Defendants.

_____/

**OPINION AND ORDER GRANTING JOINT MOTION FOR ENTRY OF CONSENT DECREE, APPROVING SETTLEMENT AGREEMENT, ENTERING CONSENT DECREE, AND DISMISSING COMPLAINT WITH PREJUDICE**

In this Fair Labor Standards Act case, Plaintiff Melodi Darling alleges that Defendants Dow Chemical Company and Kelly Services, Inc. did not pay her overtime wages as required and retaliated against her. Having reached a settlement, the Parties now jointly seek approval of their Settlement Agreement.

**I.**

In February 2022, Plaintiff Melodi Darling was hired by Defendant Kelly Services to work as a customer service representative for Defendant Dow Chemical Company. ECF No. 1 at PageID.2. Plaintiff alleges that between February 2022 and September 2022, she "occasionally" worked more than 40 hours per week. *Id.* According to Plaintiff, her supervisor told her to "use 'comp time' instead of receiving overtime pay." *Id.* at PageID.3. In August 2022, Plaintiff began reporting to a new supervisor and alleges she told her new supervisor about the "comp time arrangement in place" with her previous supervisor. *Id.* But on September 12, 2022, Kelly Services informed Plaintiff "that Dow was ending her assignment due to 'several instances of timecards not

matching.'" *Id.* at PageID.5. Plaintiff was terminated the next day. *Id.* Plaintiff alleges both Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, by not paying her overtime wages and by retaliating against her for "us[ing] comp time in lieu of receiving her overtime pay." ECF No. 1 at PageID.7.

The Parties attended a settlement conference on October 25, 2023, during which Plaintiff's Counsel engaged in negotiations with counsel for both Defendants. *See* ECF No. 20. In November 2023 the Parties notified this Court that they reached a settlement, ECF No. 24, and filed a Joint Motion for Entry of Consent Decree in Settlement of Claims under the Fair Labor Standards Act, ECF No. 25, which included a proposed consent decree, ECF No. 25-1, and a copy of the Settlement Agreement ("Agreement"). ECF No. 25-2. The Parties seek approval of the Agreement and issuance of a consent decree that approves the Agreement, directs the parties to "perform their respective obligations under the Agreement," and dismisses Plaintiff's Complaint with prejudice. ECF No. 25-1 at PageID.91–92.

Under the Agreement, the Parties agree to "fully and completely resolve the [l]itigation between and among them." ECF No. 25-2 at PageID.94. To that end, Plaintiff will release all claims against Defendants, *id.* at PageID.97, and Defendant will pay Plaintiff $5,513.65.00 in unpaid wages and $5,513.66 in liquidated damages. *Id.* at PageID.95. Plaintiff also "renounces, abandons, waives and forever gives up any right, opportunity, or offer of employment" with both Defendants, including "all of their subsidiaries, parent corporations, partners, joint ventures, partnerships, predecessors, assignees or successors in interest, and any of their trustees, directors, officers, agents, attorneys, partners, insurers, employees, stockholders, representatives, assigns, and successors, past and present." *Id.* at PageID.99.

Because the Parties have not requested a fairness hearing and this Court finds no hearing is necessary, the Motion will be decided on the papers. *Nader v. Springs Window Fashions, LLC*, No. 1:22-CV-12067, 2023 WL 2393627, at *1 (E.D. Mich. Mar. 7, 2023) (citing *Quinn v. City of Eaton*, No. 3:19-CV-00241, 2021 WL 9096656, at *1 n.1 (S.D. Ohio Aug. 17, 2021)).

## II.

The Sixth Circuit has not explicitly required court approval for FLSA settlement agreements. *Piaseczny v. Friedman Mgmt. Co.*, No. 4:20-CV-13325, 2021 WL 5864018, at *1 (E.D. Mich. Apr. 26, 2021). However, courts in this circuit have consistently held that, "based on the unique purpose of the FLSA and the unequal bargaining power between employees and employers[,] . . . FLSA settlements require approval by either the Department of Labor or a court." *Steele v. Staffmark Invs.*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016); *see also Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960, 965 (E.D. Mich. March 3, 2021) ("[D]istrict courts in our Circuit regularly find that the FLSA context counsels in favor of courts approving settlements."); Alex Lau, Note, *The FLSA Permission Slip: Determining Whether FLSA Settlements and Voluntary Dismissals Require Approval*, 86 FORDHAM L. REV. 227, 244 (2017) (noting that "most federal courts" have followed the Eleventh Circuit's holding that FLSA settlements require the approval of the Department of Labor or a district court).

Before approving a private FLSA settlement, the court "must scrutinize the proposed settlement for fairness and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Williams v. K&K Assisted Living LLC*, No. 2:15-CV-11565, 2016 WL 319596, at *1 (E.D. Mich. Jan. 27, 2016) (internal quotation marks and citations omitted).

In order to determine whether a proposed settlement is fair and reasonable, the court may consider several factors:

(1) The plaintiff's range of possible recovery;
(2) The extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;
(3) The seriousness of the litigation risks faced by the parties;
(4) Whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and
(5) The possibility of fraud or collusion.

*Walker v. Ryan Transp.*, No. 2:20-CV-11688, 2021 WL 2786547, at *2 (E.D. Mich. June 15, 2021) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)); *see also Risbrook v. Blue Horseshoe Network, LLC*, No. 2:19-CV-11262, 2020 WL 13441574, at *3 (E.D. Mich. Sept. 4, 2020) (noting this "one-step" settlement approval process is appropriate in both individual *and* collective actions under the FLSA because collective actions require workers to opt-in to the litigation, unlike class actions), And, if the settlement agreement includes the payment of attorneys' fees, then "the court must assess the reasonableness" of the proposed amount. *Belmont v. Homes of Opportunity, Inc.*, No. 4:18-CV-10854, 2018 WL 6571145, at *1 (E.D. Mich. Dec. 13, 2018).

## III.

Plaintiff's Complaint does not specify the amount of overtime wages she believes she is entitled to receive under the FLSA, but off-the-record discussions with counsel for all Parties at an October 25, 2023 Settlement Conference suggested Plaintiff's range of possible recovery was narrow. Defendants still deny Plaintiff's claims, but all parties agree the Agreement is the best way "to avoid further expenses and to terminate this controversy." ECF No. 25 at PageID.87.

Under the Agreement, Defendants will pay Plaintiff $11,027.31 total for unpaid wages and liquidated damages. ECF No. 25-2 at PageID.95. This amount provides Plaintiff to recover

damages without incurring litigation costs that would far exceed her recovery. And the $6,472.69 attorney's fee award is reasonable, as it represents 58.6% of Plaintiff's settlement award. *Id. See* ECF No. 13-1 at PageID.53; *see also Fabi v. Carter-Jones Cos.*, No. 2:21-CV-11727, 2022 WL 3010887, at *3 (E.D. Mich. July 29, 2022) (approving attorney's fee award of "about half of the total settlement" when settlement applied to *only* the named plaintiff). The Agreement also appears to be the product of arm's-length negotiations between Plaintiff's experienced counsel and Defendants' experienced counsel following the October 25, 2023 Settlement Conference, and there is no evidence of fraud or collusion. *See generally*, ECF No. 25.

In sum, because all the relevant factors suggest that the Settlement is "a fair and reasonable resolution of a bona fide dispute," the Parties' Motion will be granted. *Williams v. K&K Assisted Living LLC*, No. 2:15-CV-11565, 2016 WL 319596, at *1 (E.D. Mich. Jan. 27, 2016). To that end, the Agreement, ECF No. 25-2, will be approved, the Consent Decree, ECF No. 25-1, will be entered, and Plaintiff's Complaint, ECF No. 1, will be dismissed with prejudice.

**IV.**

Further, it is **ORDERED** that that the Parties' Joint Motion for Entry of Consent Decree, ECF No. 25, is **GRANTED**.

Further, it is **ORDERED** that the Settlement Agreement, ECF No. 25-2, is **APPROVED**.

Further, it is **ORDERED** that the Consent Decree, ECF No. 25-1, is **ENTERED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**This is a final order closes the above-captioned case**.

Dated: December 7, 2023        s/Thomas L. Ludington
                               THOMAS L. LUDINGTON
                               United States District Judge